IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| IN RE SEARCH OF | ) | |
| Information Associated with Dropbox, Inc. | ) | |
| accounts of Anthony Sanchez or email | ) | |
| address asanch2011@gmail.com | ) | 5:18 CM 70 |
| | ) | |

UNITED STATES' MOTION TO EXTEND ORDER TO SEAL SEARCH WARRANT, APPLICATION, AND SEARCH WARRANT AFFIDAVIT

The United States of America requests an order of the Court to extend the previously entered order (DOC 5) sealing the Motion, the Search Warrant, the Application for Search Warrant, the Search Warrant Affidavit, the Inventory Return, and the Order to Seal, in the above captioned and numbered matter. In making this request to seal the search warrant papers, the United States relies on the facts and statements set forth in, or on the face of, all of the search warrant papers and this motion, including the Affidavit for the Search Warrant. As set forth in the Affidavit, this matter concerns allegations of computer hacking and theft of trade secret. Specifically, the Affidavit reveals information about details of the investigation, potential witnesses and specific investigatory actions taken by law enforcement officers to investigate these allegations. Further, the United States has no way of knowing at present the full extent of activity, including the identity of was involved, and any disclosure of the papers submitted to obtain the search warrant would make it more difficult to determine and prosecute the full scope of the criminal activity and the role of all individuals involved.

Moreover, the United States submits that the following statements of law are applicable to this request.

1

*1. The search warrant in the case should be sealed.*

The search warrant identifies the premises/property to be searched as it must, and, thus, provides an easy means by which to identify a potential subject of a criminal investigation. This revelation would adversely affect the privacy interests of the potential subjects. Moreover, the search warrants reveal indirectly information regarding the scope and focus of a grand jury investigation.

*2. The Application for the Search Warrant, and its supporting affidavit, should also be sealed for a number of reasons.*

A. The government has a compelling interest in maintaining the integrity of an ongoing criminal investigation by denying public access to the details of the ongoing criminal investigation in this matter. The interest of the United States in this regard has been recognized by the United States Court of Appeals for the Eighth Circuit. <u>Certain Interested Individuals v. Pulitzer Publishing Company</u>, 895 F.2d 460 (8th Cir. 1990)(<u>Gunn II</u>); <u>In re Search Warrant for Secretarial Area Outside Office of Gunn</u>, 855 F.2d 569, 574 (8th Cir. 1988)(<u>Gunn I</u>). The current investigation is in a critical stage and disclosure of the search warrant application and affidavit would provide details of the nature, scope and direction of the government's criminal investigation in this matter. Revelation of this material would not only make it available to the general public but to the potential subjects of the investigation.

B. The disclosure of the search warrant application and affidavit would expose the identities of persons who have provided information in connection with this investigation. The United States Supreme Court has recognized that the government has an important interest in

maintaining the anonymity of persons providing information concerning criminal activity to law enforcement. McCray v. Illinois, 386 U.S. 300 (1967). Consequently, persons who act as mere tipsters and who provide information to support a finding of probable cause for the issuance of a search warrant or an arrest warrant do not have to be disclosed even within the context of a formal criminal trial. Id. Moreover, those individuals who provide information which is utilized in an affidavit in support of a search warrant have a legitimate and reasonable expectation that their confidentiality and privacy will be protected by the government. See, e.g., In re EyeCare Physicians of America, 100 F.3d 514, 519 (7th Cir. 1996); In re Search Warrant for 2934 Anderson Morris Road, 48 F. Supp 2nd 1082 (N.D. Ohio 1999); In re Search Warrants Issued on June 11, 1988, 710 F. Supp 701, 704-705 (D.C. Minn. 1989).

C. Disclosure of the contents of the search warrant affidavit will identify potential government witnesses. The United States is not even required to disclose the identity of its witnesses within the context of a criminal trial except under very limited circumstances. The search warrant affidavit in this case specifically identifies persons who have provided information in connection with the investigation. If the contents of the affidavit are disclosed, the identities of these potential witnesses will be revealed, again, not only to the public at large but to the potential subjects of the investigation.

D. As stated above, this investigation is in the pre-indictment stages. No indictments have been returned and no charges have been filed against any person by complaint or otherwise.

3. *The inventory return filed with the Court following the execution of the search warrant should also be sealed at this stage of the investigation to protect the affected target's privacy rights.*

As to the privacy interests set forth above, the Eighth Circuit has recognized that the privacy interests of the parties affected by the search warrant must be considered. The disclosure of the contents of the search warrant papers could damage the reputations and careers of persons implicated in criminal conduct and could possibly even damage the character and reputations of innocent third parties prior to the institution of any formal charges. The courts have recognized that such a result should be avoided if possible. In re EyeCare Physicians of America, 100 F.3d 514, 519 (7th Cir. 1996); In re Up North Plastics, 940 F. Supp 229, 232 (D.C. Minn 1996); In re Search Warrants Issued on June 11, 1988, 710 F.Supp 701, 704-705 (D.C. Minn 1989); Gunn II, supra at 466-67. Under the circumstances, the Court must consider the procedural posture of the government's criminal investigation in any decision to disclose or seal the contents of the search warrant papers in this case. Gunn II directly addresses the competing Constitutional rights in the release of information regarding search warrants. The government and Pulitzer had agreed to release the information to the public. McDonnell Douglas and Gunn sought to have the information sealed because of their right of privacy. The Court stated, [w]here no indictments have issued against persons allegedly involved in criminal activity, there is a clear suggestion that, whatever their truth, the Government cannot prove these allegations. The court of public opinion is not the place to seek to prove them. If the Government has such proof, it should be submitted to a grand jury, an institution developed to protect all citizens from unfounded charges. All citizens, whatever their real or imagined past history, are entitled to the protection of a grand jury proceeding. Id. at 466. The Court balanced the two constitutional rights in conflict, the qualified First Amendment right of access and the qualified Fourth Amendment right to privacy and declared neither of them absolute. The determining factor for the Court in weighing in favor of

4

sealing the search materials was the fact that an indictment had not been obtained. The Court concluded: "In sum, we think the pre-indictment status of the government's criminal investigation tips the balance decisively in favor of the privacy interests and against disclosure of even redacted versions of the search warrant affidavits *at this time.*" at 467. (emphasis in original).

*No Less Restrictive Means are Available*

General Order 7 requires that the Government address why less restrictive means to sealing all search warrant documents are not available. Less restrictive means may include redaction of names and personally identifying information, line-by-line redaction of facts and events, or extraction of excerpts from search warrant documents. Courts have ruled that these less restrictive means do not adequately protect the interests of the government or individuals in a number of instances.

1. The Eighth Circuit in Gunn I, explains that "line-by-line redaction is not practicable," noting that "[v]irtually every page contains multiple references to wiretapped telephone conversations or to individuals other than the subjects of the search warrants or reveals the nature, scope and direction of the government's ongoing investigation." Gunn I, 855 F.2d at 574.

2. Less restrictive means are not sufficient to protect privacy interests of individuals named in the search warrant documents. Courts have held that redaction of individuals names does not "protect the identities of various individuals due to the context in which they are mentioned." In re Search Warrant for 2934 Anderson Morris Road Niles, Ohio, 48 F. Supp. 1082, 1084 (N.D. Ohio 1999). This protection of individuals identifiable through "context" is followed by the Eighth Circuit in Gunn II. In Gunn II, the Eighth Circuit continued to maintain the seal of the documents in Gunn I, as the privacy interest of individuals named in "even the redacted

versions of the search warrant affidavits" outweighed the public's First Amendment qualified right of access. *See,* Gunn II, 895 F.2d at 466.

      3.   Less restrictive means of extracting excerpts is not an effective alternative to sealing the entire document where it contains "detailed, specific information which, if disclosed, would compromise the ongoing government investigation." In the Matter of the Search of Office Suites for World and Islam Studies, 925 F. Supp. 738, 743-44 (M.D. Fla. 1996). In the Matter of the Search of Office Suites for World and Islam Studies, the district court found that the affidavits are "designed to support probable cause and each section builds on the next", and "[v]irtually every page of the affidavit contains references to conversations and events, and reveals the nature and scope of the on-going government investigation, including individuals not the subject of the search warrant." Id. at 744. Further the court found that extraction of excerpts was inadequate to protect the government's interests, as "even a portion of the affidavit would reveal, either explicitly or by inference, the scope and direction of the Government's investigation." Id.

WHEREFORE, for each of the above reasons, the United States respectfully requests that the Court enter an order which: (1) seals this motion pending further order of the Court; (2) seals the search warrant, the application for the search warrant, the affidavit in support of the application, the inventory return, and the order to seal under the provisions outlined in General Order 7.

    Respectfully submitted,

    DUANE (DAK) KEES
    United States Attorney

By: */s/ Dustin Roberts*
    Dustin Roberts
    Assistant U.S. Attorney
    Bar No. 2005-185
    414 Parker Avenue
    Fort Smith, AR 72901
    479-783-5125
    Email: Dustin.Roberts@usdoj.gov